### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JASON SCHMITZ,<br>JACKIE BAILEY,<br>ALLISON CRANE HARGRAVES,<br>COREY ALLEN JONES,<br>THOMAS YOUNG,<br>and OTHERS SIMILARLY SITUATED,<br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY,<br>Defendant. | § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 4:08-cv-02945**<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE OF CLASS CLAIMS** |

This Joint Stipulation of Settlement and Release of Collective/Class Claims ("Stipulation of Settlement") is made by and between the Named Plaintiffs on behalf of themselves, the Settlement Class and Rule 23/NY Settlement Class, as defined below, their agents, attorneys, assigns, heirs, beneficiaries, executors, administrators, legal representatives, family members, and/or any other persons or entities with an interest in the lawsuit entitled Schmitz, et al. v. Liberty Mutual Insurance Company, Case No 4:08-CV-02945, and Liberty Mutual (as defined below in Section 1.12).

## I. **DEFINITIONS**

1.1    The terms "Agreement" and "Settlement Agreement" as used herein mean this Stipulation of Settlement.

1.2    The term "Claims Administrator" as used herein means the firm of A.B. Data, Ltd., which the Parties have agreed will be responsible for the administration of the Settlement and related matters, pursuant to the terms of this Agreement.

1.3    The term "District Court" or "Court" as used herein means the United States District Court for the Southern District of Texas, Houston Division.

1.4    The term "Final Approval Hearing" shall mean the final approval hearing conducted by the Court following the mailing of the Notice to the Settlement Class Members and Non-FLSA (NY) Settlement Class Members.

1.5    The terms "Final Approval Date" and "Effective Date" as used herein mean the date when this Stipulation of Settlement has been fully and finally approved by the District Court and the period for appeal has expired, or, in the event of an appeal, the appeal has been finally resolved to uphold the District Court's approval of the Stipulation of Settlement.

1.6    The term "Litigation" as used herein means the matter entitled <u>Schmitz, et al.</u> v. Liberty Mutual Insurance Company, Case No. 4:08-cv-02945.

1.7    The terms "Plaintiffs" and "Named Plaintiffs" as used herein mean the following individuals:  Jason Schmitz, Charlotte Copeland-Nava, Albert Joshua Barouh, Thomas Young, Travis Winter, Corey Allen Jones, Allison Crane Hargraves, and Jackie Bailey.

1.8    The term "Class Counsel" as used herein means:

STARZYK & ASSOCIATES, P.C.
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380

J.P. HUGHES & CO. ATTORNEYS
1300 Access Road, Suite 100
Oxford, Mississippi 38655

1.9    The term "Settlement Amount" as used herein means an amount not to exceed Thirty-Three Million Seven-Hundred Fifty Thousand Dollars ($33,750,000) from which all monetary payments associated with the Settlement including the Fees Request payment, Attorneys' Costs, Settlement Administration Costs, Individual Settlement Payments, and Named Plaintiff Service Payments shall be paid, with the sole exception of the taxes to be paid by Liberty Mutual as set forth in Section 14.1 below.

1.10    The term "Class Settlement Amount" as used herein is the amount that will be available to pay claims of Participating Settlement Class Members and equals $33,750,000.00 minus attorneys' fees and Named Plaintiff Service Payments.

1.11    The term "Costs Amount" means and refers to a payment that shall not, under any circumstances, exceed $200,000 and shall consist of: (1) reimbursement of Class Counsel for the following out-of-pocket costs actually incurred: All taxable court costs; expert witness fees, including Plaintiffs' attorneys' fees expert and computer/e-discovery experts; mediator fees; reasonable coach-class travel expenses for travel to depositions, meetings with Liberty Mutual's counsel, and mediation; reasonable hotel accommodations for travel to depositions, meetings with Liberty

Mutual's counsel, and mediation; reasonable transportation for travel to depositions, meetings with Liberty Mutual's counsel, and mediation; court reporter fees; videographer fees for videotaped depositions; courier fees; overnight delivery fees; and court filing fees (collectively referred to as "Attorneys' Costs"); and (2) the actual cost of settlement administration charged by the Claims Administrator ("Settlement Administration Cost"). The Costs Amount shall be paid exclusively from the Class Settlement Amount and pursuant to the terms set forth in Section 10.4 herein.

1.12　The terms "Liberty Mutual," and "Defendant," as used herein mean Liberty Mutual Insurance Company. The Named Plaintiffs and Liberty Mutual are collectively referred to as "the Parties."

1.13　The term "Released Parties" shall herein mean Liberty Mutual, its former and present parents, subsidiaries and affiliates, and each of their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

1.14　The term "Settlement" as used herein shall mean the agreement reached between the Parties that is intended to and does effectuate the full, final, and complete resolution of all allegations and claims that were asserted or could have been asserted in the Litigation.

1.15　The term "Class Period" as used herein means the period from October 3, 2005 through December 31, 2008. Notwithstanding the foregoing, for any person assigned to work in California and in no other state in a Sales Position between October 1, 2008 and December 31, 2008, the Class Period shall end on September 30, 2008.

1.16　The term "Rule 23/NY Class Period" as used herein means the period from October 3, 2002 through December 31, 2008.

1.17　The term "Settlement Class" means all persons who worked for Defendant at any time during the Class Period in one or more of the following job codes: 4107, 4108, 4109, 4110, 3582, 3856, 3857 or 3858 (collectively referred to as "Sales Positions"). Individuals who are members of the Settlement Class are referred to herein as "Settlement Class Members." Notwithstanding the foregoing, the Settlement Class shall not include any person who was ultimately deemed a Participating Class Member in the settlement of the matter entitled Winzelberg v. Liberty Mutual Insurance Company (United States District Court, Central District of California, Case No. CV 07-460 GAF (JCx).)

1.18　The term "Rule 23/NY Settlement Class" means all persons who at any time during the Rule 23/NY Class Period were assigned to work in a Sales Position in an office located in the State of New York. Individuals who are members of the Rule 23/NY Settlement Class are referred to herein as "Rule 23/NY Settlement Class

Members." A person may be a member of both the Settlement Class and the Rule 23/NY Settlement Class. Notwithstanding the foregoing, the Rule 23/NY Settlement Class shall not include any person who was ultimately deemed a Participating Class Member in the settlement of the matter entitled Winzelberg v. Liberty Mutual Insurance Company (United States District Court, Central District of California, Case No. CV 07-460 GAF (JCx).)

1.19 The term "Non-FLSA (NY) Settlement Class" means all persons who are members of the Rule 23/NY Settlement Class but not Settlement Class Members.

1.20 The term "Participating Settlement Class Member" means a Settlement Class Member, including those individuals who are also members of the Rule 23/NY Settlement Class, who has returned a valid and timely Claim Form/FLSA Consent Form to receive his/her share of the Class Settlement Amount. The term "Participating Settlement Class Member" also includes any individual who is a Non-FLSA (NY) Settlement Class Member and submits a valid and timely Non-FLSA (NY) Claim Form. Notwithstanding the foregoing, any Rule 23/NY Settlement Class Member who has requested exclusion from the Rule 23/NY Settlement Class shall not be a Participating Settlement Class Member even if he or she returns a valid and timely Claim Form/FLSA Consent Form or Non-FLSA (NY) Claim Form.

1.21 The term "Claim Period End Date" as used herein means the date that is 60 days after the Claims Administrator commences mailing Notice Packets (defined and described in Section 8.1) to the Settlement Class Members and Non-FLSA (NY) Settlement Class Members. The Claim Period End Date shall also be the last day on which Settlement Class Members and Non-FLSA (NY) Settlement Class Members may submit a Claim Form/FLSA Consent Form or Non-FLSA (NY) Claim Form and, in so doing, become Participating Settlement Class Members. Upon Preliminary Approval by the Court, the Parties shall determine a specific Claim Period End Date and revise the documents within the Notice Packet to be mailed to Settlement Class Members and Non-FLSA (NY) Settlement Class Members to accurately reflect that actual Claim Period End Date.

1.22 The term "Objection/Exclusion Date" as used herein means the date that is 45 days after the Claims Administrator commences mailing Notice Packets. The Objection/Exclusion Date shall also be the last day on which Participating Settlement Class Members and any Rule 23/NY Settlement Class Members who have not excluded themselves from the Settlement may submit objections to the Settlement. The Objection/Exclusion Date is also the last day on which Rule 23/NY Settlement Class Members may exclude themselves from being bound by the terms of the Settlement Agreement, including the Release and Waiver of Claims, provided for in Section 7.1 of this Agreement.

1.23 The term "Release Period" as used herein constitutes the period of time on or before January 1, 2009.

1.24 The term "Total Individual Compensation" as used herein shall be the amount of total compensation paid by Liberty Mutual to each Settlement Class Member or Non-FLSA (NY) Settlement Class Member during either the Class Period or, as applicable, the Rule 23/NY Class Period for the person's work in a Sales Position. This includes any amounts that would have been paid were it not for the operation of a deferred compensation program. If a person is a member of both the Settlement Class and the Rule 23/NY Settlement Class, he or she will only have one Total Individual Compensation calculation and it shall be based on the Rule 23/NY Class Period. If a person is a member of the Non-FLSA (NY) Settlement Class, his or her Total Individual Compensation calculation shall be based on the Rule 23/NY Class Period.

1.25 The term "Total Compensation" as used herein shall be the aggregate total sum of the Total Individual Compensation amounts.

1.26 The term "Payout Ratio" as used herein means the payout ratio for each individual Settlement Class Member and Non-FLSA (NY) Settlement Class Member resulting from dividing: (a) the person's Total Individual Compensation; by (b) the Total Compensation.

1.27 The term "Settlement Payment" or "Individual Settlement Payment" as used herein means the pro-rata share of the Class Settlement Amount to be paid to a Participating Settlement Class Member.

1.28 The term "Final Approval" as used herein means the occurrence or non-occurrence, as applicable, of all events necessary to reach the Final Approval Date.

## 2. **BACKGROUND**

On October 3, 2008, former Sales Representative Jason Schmitz, on behalf of himself and all others allegedly similarly situated, filed a complaint captioned Schmitz v. Liberty Mutual Insurance Company, Case No. 4:08-cv-02945, in the United States District Court for the Southern District of Texas, Houston Division, asserting violations of the Fair Labor Standards Act for regular and overtime wages. Subsequently, Mr. Schmitz filed a First Amended Complaint that added additional Plaintiffs. Since that time, over 160 current and former sales representatives have given their consent to join this lawsuit.

On January 10, 2009, Plaintiffs filed a Motion for Conditional Certification. On March 11, 2009, Liberty Mutual submitted an opposition to Plaintiffs' Motion for Conditional Certification and, on March 12, 2009, Plaintiffs submitted a Reply Brief. On June 3, 2009, Plaintiffs further filed an Objection and Motion to Strike Declarations Proffered by Defendant in Opposition to Plaintiffs' Motion for Conditional Certification and Motion for Protective Order. Liberty Mutual submitted an opposition to this Motion

on June 23, 2009, and, on June 26, 2009, Plaintiff submitted a Reply Brief. Plaintiffs recently withdrew their Motions without prejudice.

Both parties have extensively litigated this case. Soon after the case was filed, the parties began engaging in informal discovery, during which Liberty Mutual produced approximately 3,600 pages of documents. An initial mediation was held at defense counsel's Los Angeles office on March 2, 2009, but no agreement was reached.

Plaintiffs actively and aggressively pursued claims for both overtime and straight time wages. Liberty Mutual denied each of Plaintiffs' allegations.

Between February 27, 2009 and March 19, 2009, Plaintiffs served 503 Requests for Production, 103 Requests for Admission and 21 Interrogatories. Plaintiffs propounded a second round of discovery on May 18, 2009. In addition, each time a new individual filed with the Court a consent to join the action as plaintiff, Liberty Mutual produced various records related to that employee.

Throughout the course of the litigation, Liberty Mutual produced 60,061 pages of documents in response to 595 Requests for Production (excluding subparts) responded to 108 Requests for Admission, 44 Interrogatories (excluding subparts) and 23 deposition notices with accompanying subpoenas duces tecum. Six Liberty Mutual sales representatives were deposed, one in upstate New York, three in Atlanta, Georgia and two in Texas. In addition, Plaintiffs deposed several of Liberty Mutual's Information Technology managers in Boston, Massachusetts. Liberty Mutual also produced written declarations from 61 Personal Market Sales Representatives and Branch Managers.

Liberty Mutual served written discovery requests on each of seven named plaintiffs: 51 Requests for Production of Documents (for a total of 357 Requests among the seven sets) and 25 Requests for Admission (for a total of 175 Requests among the seven sets). Liberty Mutual also served a set of Requests for Production of Documents containing 19 Requests that was addressed to each of the opt-in plaintiffs (which eventually totaled over 160 in number). Plaintiffs responded to the requests and produced 2,688 pages of documents.

The parties exchanged multiple sets of meet and confer letters to resolve discovery disputes without court intervention. On one occasion, those attempts failed and Plaintiffs filed a Motion to Compel production of witness names and participation agreements signed by both declarants and non-declarant witnesses. The Court granted the motion in part and denied it in part.

## 3.   **SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT**

3.1    This Settlement is intended to and does effectuate the full, final, and complete resolution of all allegations and claims that were asserted or could have been asserted in the Litigation.

3.2     Although no party abandons its positions taken in the Litigation, the Parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Settlement is the best way to resolve the disputes between them.

4.     **JURISDICTION**

4.1     The District Court has jurisdiction over the Parties and the subject matter of this Litigation. The Litigation includes claims that, while Liberty Mutual denies them in their entirety, would, if proven, authorize the District Court to grant relief pursuant to the statutes and common law cited therein. If the Settlement Agreement is approved, the District Court will retain jurisdiction of this action solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

5.     **STATEMENT OF NO ADMISSION**

5.1     Liberty Mutual denies liability to the Plaintiffs, Settlement Class Members, and Non-FLSA (NY) Settlement Class Members for any claim or cause of action. Liberty Mutual has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Litigation. Liberty Mutual has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Litigation. Liberty Mutual also has denied and continues to deny the allegations that the Settlement Class Members and Non-FLSA (NY) Settlement Class Members have suffered damage or that the Settlement Class Members and Non-FLSA (NY) Settlement Class Members were harmed by the conduct alleged in the Litigation. Neither this Agreement, any document referred to or contemplated herein, any materials prepared or used during the course of the negotiations leading to the Settlement Agreement, nor any action taken to carry out this Agreement, is admissible in any other judicial, arbitral, administrative, investigative or other forum. Nor may the foregoing be used as an admission, concession or indication by or against Liberty Mutual of any fault, wrongdoing or liability whatsoever. This Settlement Agreement is covered by Federal Rule of Evidence 408. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the District Court or Fifth Circuit Court of Appeals that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the District Court entered into in connection therewith. Moreover, the Agreement may also be used in any proceeding in a court of competent jurisdiction for the purpose of establishing the existence and enforceability of a waiver and release of claims in accordance with the terms and conditions contained herein.

5.2     All notices and claim forms filed or other evidence produced or created by the Parties in connection with the claims resolution procedures do not constitute, are not intended to constitute, and will not be deemed to constitute, an admission by

Liberty Mutual of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

## 6.    **CLASS CERTIFICATION**

The Parties agree that for the purpose of settlement, and for the purpose of settlement only, it is appropriate to form a class action pursuant to Federal Rule of Civil Procedure 23 consisting of the Rule 23/NY Settlement Class Members. Further, the Parties agree that for the purpose of settlement, and for the purpose of settlement only, that it is appropriate to form a collective action pursuant to 29 U.S.C. § 216(b), consisting of Settlement Class Members who timely and validly submit a Claim Form/FLSA Consent Form and, in so doing, become Participating Settlement Class Members.

Concurrent with Plaintiffs' submission of this Agreement for preliminary approval, Plaintiffs will also submit for Court approval an agreed motion for leave to file an amended complaint that includes a request for certification pursuant to Federal Rule of Civil Procedure 23 of a class comprising Rule 23/NY Settlement Class Members and that alleges claims for overtime and regular wages arising under the laws of the state of New York including, without limitation, 12 NYCRR § 142-2.2, and adds as Named Plaintiffs Albert Joshua Barouh, Charlotte Copeland-Nava, and Travis Winter.

The Parties agree that Rule 23(b)(3) class certification under the terms of this Agreement is for settlement purposes only. Nothing in this Settlement Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified or that the claims set forth in the Litigation are appropriate for litigation as a class or collective action in the Litigation or in any other action or proceeding. To the contrary, Liberty Mutual believes that it would not be appropriate to litigate this matter as either a class or collective action. Further, neither this Agreement nor the District Court's actions or findings with regard to this settlement will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment. In the event that this Settlement Agreement is not approved by the District Court or any appellate court, is terminated, or otherwise fails to be enforced, any class or collective action shall be dissolved and the matter shall return to its present pre-certification status of an action brought by the Named Plaintiffs seeking to form a collective action, without prejudice to Plaintiffs being able to re-urge their Motion for Conditional Certification. Liberty Mutual will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Litigation, including, but not limited to, its defenses in opposition to class certification and collective action treatment. Plaintiffs will not be deemed to have waived, limited, or affected in any way any of their claims in the Litigation, including, but not limited to, their claims for class certification and collective action treatment. This Settlement Agreement is covered by Federal Rule of Evidence 408.

7. **WAIVER, RELEASE, AND DISMISSAL**

### 7.1 Release and Waiver of Claims

All Participating Settlement Class Members and Rule 23/NY Settlement Class Members (regardless of whether they are also Settlement Class Members), excluding those Rule 23/NY Settlement Class Members who submit timely and valid requests for exclusion from the Rule 23/NY Settlement Class pursuant to Section 8.3 below, shall fully and finally release and discharge the Released Parties from all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, included in, arising from or related to the Litigation, including, without limitation, all federal, state, and local statutory, constitutional, regulatory, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. This includes, without limitation, all allegations and claims that were asserted or could have been asserted in the Litigation including, without limitation: (a) all claims for the failure to pay wages, including without limitation overtime wages, for any reason including exemption misclassification, (b) all claims for the failure to promptly pay all wages due and owing at the time of an employee's termination, discharge, or otherwise, as a result of an alleged failure to pay overtime wages, and (c) any claims brought by any Settlement Class Member, Non-FLSA (NY) Settlement Class Member, other individual, or a governmental entity in a representative capacity on behalf of any Settlement Class Member and/or Non-FLSA (NY) Settlement Class Member as a result of an alleged failure to pay overtime wages. This operates to release all claims arising on or before January 1, 2009, including, without limitation, all claims set forth in Luis Gonzalez, et al. v. Liberty Mutual Insurance Co., (Civil Action No. 09 CIV 3117) filed April 1, 2009 in the United States District Court, Southern District of New York, alleging failure to pay overtime wages as required by 12 NYCR § 142-2.2. The Gonzalez lawsuit was brought as a potential class action. Individuals who do not act to exclude themselves from this settlement will be precluded from class membership in the Gonzalez lawsuit.

All Participating Settlement Class Members also fully and finally release and discharge the Released Parties from any and all applicable claims, rights, demands, liabilities, liquidated damages, and causes of action of every nature and description, whether known or unknown, included in, arising from or related to the Litigation arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq. ("FLSA"). This operates to release all claims arising on or before January 1, 2009. Notwithstanding the foregoing, any Non-FLSA (NY) Settlement Class Member as well as any Settlement Class Member who is not a Participating Settlement Class Member shall not release any claims that arise under the FLSA.

Upon Final Approval, this waiver and release of claims shall be binding on all Named Plaintiffs, Participating Settlement Class Members, and Rule 23/NY

Settlement Class Members including each of their respective attorneys, agents, spouses, executors, representatives, guardians *ad litem*, heirs, successors, and assigns. Notwithstanding the foregoing, this waiver and release of claims shall not be binding on any Rule 23/NY Settlement Class Member who timely and validly excludes himself or herself from the Settlement pursuant to Section 8.3 below. Further, this waiver and release of claims shall inure to the benefit of the Released Parties.

Settlement Class Members and Non-FLSA (NY) Settlement Class Members waive any rights conferred upon them by Section 1542 of the California Civil Code, and consent that this Agreement shall be given full force and effect according to all of its terms, including those terms relating to unknown and unsuspected claims, if any, as well as those terms relating to any other claims. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Accordingly, if the facts relating in any manner to this Settlement Agreement are found hereafter to be other than or different from the facts now believed to be true, the release of claims contained herein shall remain effective.

Named Plaintiffs also agree to waive and release all claims against the Released Parties, pursuant to Section 11.3, below.

### 7.2 Dismissal

Upon Final Approval, Plaintiffs will promptly seek dismissal with prejudice of the Litigation and of all claims stated therein. Plaintiffs acknowledge that this Settlement Agreement will remain contingent until such dismissal is approved by the District Court.

## 8. NOTICE, OBJECTIONS, AND OPPORTUNITY TO OPT OUT

### 8.1 Notice

The Parties will jointly draft by no later than 5 p.m. CST, Wednesday, November 24, 2009, three different Notice of Proposed Class Action Settlement forms (and their respective Claim Forms, addressed further below) and submit them to the District Court for approval, in a form agreeable to both parties:

- "Notice A" – A form for those individuals who are only Settlement Class Members

- "Notice B" - A form for those individuals who are Non-FLSA (NY) Settlement Class Members

- "Notice C" – A form for those individuals who are both Rule 23/NY Settlement Class Members and Settlement Class Members

Notice A, Notice B, and Notice C shall collectively be referred to herein as the "Notice."

Attached to Notice A and Notice C will be a Claim Form/FLSA Consent Form in a form agreeable to both parties. Attached to Notice B will be a Non-FLSA (NY) Claim Form in a form agreeable to both parties. The Claim Form/FLSA Consent Form and Non-FLSA (NY) Claim Form shall collectively be referred to, where applicable, as the "Claim Form." The Claim Forms shall have the estimated Individual Settlement Payments. To the extent any Settlement Class Member has or had unique employment circumstances that do not fit precisely within Notice A, Notice B, or Notice C, the Parties agree to confer in good faith to determine the Notice that is most applicable to such person(s).

The Notice will include, but shall not be limited to, information regarding the nature of the Litigation, a summary of the substance of the Settlement, the definition of (as applicable) the Settlement Class and/or Rule 23/NY Settlement Class, the procedure and time period for requesting exclusion from the settlement (if applicable) and objecting to the Settlement as well as information relating to the Final Approval Hearing, a statement that the District Court has preliminarily approved the Settlement, and information regarding the claims filing procedure and time within which to submit a claim. The Notice and the Claim Form are hereafter referred to collectively as the "Notice Packet". The costs associated with the mailing of the Notice Packets shall be included in the Settlement Administration Costs.

Within twelve (12) business days of its receipt of the order of Preliminary Approval of the settlement, Liberty Mutual shall provide the Claims Administrator the name and most current mailing address in Liberty Mutual's records, telephone number, last four digits of the social security number, and Total Individual Compensation (collectively "Class List and Data") for each Settlement Class Member and Non-FLSA (NY) Settlement Class Member, as well as the Total Compensation for all Settlement Class Members and Non-FLSA (NY) Settlement Class Members. The Class List and Data shall remain confidential and shall not be disclosed to anyone, except applicable taxing authorities, for purposes of carrying out the reasonable efforts described in this Section and below in Sections 9 and 10, or pursuant to express written authorization by Liberty Mutual or by order of the Court.

The Claims Administrator shall mail the Notice Packet to the members of the Settlement Class and Rule 23/NY Settlement Class via first-class regular U.S. mail using the Class List and Data, or a more current address, twelve (12) business days after receipt of the Class List and Data. The Claims Administrator will preliminarily perform

a search using the National Change of Address Database to update and correct for any known or identifiable address changes. If a new address is obtained by a way of a returned Notice Packet, then the Claims Administrator shall promptly forward a Notice Packet to the updated address via First Class regular U.S. mail indicating on the Notice Packet the date of such re-mailing. Where a Notice Packet is returned as undeliverable, without a forwarding address, the Claims Administrator will perform a computer/SSN and "skiptrace" search to obtain an updated address. The Parties agree to cooperate with the Claims Administrator to locate more recent addresses for Settlement Class Members and Rule 23/NY Settlement Class Members, where necessary.

Within thirty (30) days after mailing of the original Notice Packets, the Claims Administrator shall mail to all Settlement Class Members and Non-FLSA (NY) Settlement Class Members who have not yet submitted a Claim Form or request for exclusion (if applicable), one reminder in the form of a sealed letter, in a form agreeable to both parties. The reminder letter shall include the estimated Individual Settlement Payment as well as contact information for the Claims Administrator. The reminder letter shall be mailed to such individuals via first-class regular U.S. Mail, using the most current mailing address information then available.

Within fifteen (15) days after mailing of the reminder letter, the Claims Administrator shall make no more than one telephone call to all Settlement Class Members who have not yet submitted a Claim Form or have not excluded themselves to remind them of the Claim Period End Date. Notwithstanding the foregoing, the Claims Administrator may make more than one call to a Settlement Class Member if the Settlement Class Member instructs it to do so or if the Claims Administrator is not able to leave a message for the Settlement Class Member on a voicemail or answering machine.

### 8.2 Objections

Only Participating Settlement Class Members and Rule 23/NY Settlement Class Members who have not submitted a request for exclusion from the Settlement may submit an objection and/or be heard at the Final Approval Hearing. The Notice shall provide that such individuals who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement must be filed with the District Court and served on counsel for the Parties no later than the Objection/Exclusion Deadline Date. No such individual shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement Agreement, and no written objections or briefs shall be received or considered by the District Court at the Final Approval Hearing, unless written notice of the Participating Settlement Class Member's/Rule 23/NY Settlement Class Member's intention to appear or object at the Final Approval Hearing, and copies of any written objections or briefs, shall have been filed with the District Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline Date. Individuals who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections

and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### 8.3    Opportunity to Request Exclusion from the Settlement

The Notice shall provide that Rule 23/NY Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion on or before the Objection/Exclusion Deadline Date. Such written request for exclusion must contain the name, address, telephone number, last four Social Security number digits, and the signature of the person requesting exclusion, and must be returned by mail to the Claims Administrator at a specified address, and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any individual who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement Agreement, will not be bound by the Settlement Agreement, or have any right to object (whether pursuant to Section 8.2 or otherwise), appeal or comment thereon. Rule 23/NY Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement Agreement and any Final Judgment entered in this Litigation if the Settlement Agreement is granted Final Approval by the District Court. A Rule 23/NY Settlement Class Member who timely and validly submits a request for exclusion cannot be a Participating Settlement Class Member and, consequently, will not be entitled to receive an Individual Settlement Payment even if he or she also timely and validly submits a Claim Form. Within five (5) days after the Objection/Exclusion Deadline Date, the Claims Administrator shall notify counsel of record for the Parties in writing of the total number of individuals who timely and validly excluded themselves from the Settlement Class ("Exclusion Report"), and also provide counsel of record for the Parties copies of any and all of the written objections.

### 8.4    Effect of Claim Form Submission

Provided the Settlement becomes final (*i.e.*, Final Approval and not cancelled by either party in accordance with the terms of this Agreement), and except for individuals who submit valid and timely requests for exclusion as provided in Section 8.3 herein, all Settlement Class Members and Non-FLSA (NY) Settlement Class Members who submit a valid and timely Claim Form (*i.e.* Participating Settlement Class Members) will receive an Individual Settlement Payment pursuant to the terms of this Settlement Agreement. A Claim Form shall be considered timely if it is transmitted to the Claims Administrator with a postmark dated no later than the Claim Period End Date.

Although Rule 23/NY Settlement Class Members who do not submit valid and timely Claim Forms and do not submit a timely and valid request for exclusion will not receive Individual Settlement Payment, such persons will nonetheless be bound by all terms of the Settlement and any Final Judgment entered in the Litigation if the Settlement

is approved by the District Court. Thus, if a Rule 23/NY Settlement Class Member does nothing (meaning, he or she does not timely submit either a completed Claim Form or request for exclusion), the Rule 23/NY Settlement Class Member will not receive an Individual Settlement Payment, but will nonetheless still be governed by the terms of this Settlement Agreement including the release of claims provisions set forth in Paragraph 7.1 herein.

### 8.5 Liberty Mutual's Right to Cancel

If more than twenty percent (20%) of the Rule 23/NY Settlement Class Members timely and validly exclude themselves from this Settlement, Liberty Mutual shall have the absolute right, in its sole discretion, and notwithstanding any other provisions of this Agreement, to withdraw from, and cancel, this Agreement in its entirety, whereupon this Agreement will be null and void for all purposes, and may not be used or introduced in the Litigation or any other litigation of any kind. This right may be exercised only by a writing stating that Liberty Mutual is canceling and withdrawing from this Agreement. Such writing shall be sent by counsel of record for Liberty Mutual to Class Counsel, no later than 10 days after the Claims Administrator transmits the Claims Administrator Report. If the right provided in this subparagraph is not so exercised, it shall be forever waived and cannot later be revived or exercised.

## 9. CLAIMS PROCEDURE

The Parties have established a claims procedure to resolve all claims of the Settlement Class for the time period covered by this Agreement. This procedure is governed exclusively by the terms and conditions set forth in this Agreement.

Once the Court grants preliminary approval to the Agreement and the Notice Packets have been mailed to the Settlement Class and Non-FLSA (NY) Settlement Class, those individuals who want to become Participating Settlement Class Members must follow the requirements set forth in this Section 9.

Individuals must mail the Claim Form to the Claims Administrator, postmarked by the Claim Period End Date. Claims postmarked after this date are presumptively untimely and invalid. An allegation by a Settlement Class Member or Rule 23/NY Settlement Class Member that he or she did not receive the Notice Packet shall not be cause for the Claims Administrator to accept a Claim Form that was not postmarked on or before the Claim Period End Date or for rescinding the release applicable to the Rule 23/NY Settlement Class Member.

If any Settlement Class Member or Non-FLSA (NY) Settlement Class Member files a defective Claim Form postmarked before the Claim Period End Date, then the Claims Administrator shall send a letter to such individual advising that the claim is defective and must be cured to become valid ("Cure Letter"). The Claims Administrator shall mail the Cure Letter within three business days of receiving a

-14-

defective claim. The Settlement Class Member or Non-FLSA (NY) Settlement Class Member shall have until the latter of either: (i) ten days from the date of the Cure Letter or; (ii) until the Claim Period End Date to postmark and mail a revised Claim Form. If such an individual responds to a Cure Letter late or by filing a defective claim, then the Claims Administrator shall have no further obligation to give notice of a need to cure.

## 10. **COMPUTATION AND DISTRIBUTION OF PAYMENTS**

### 10.1 **Distribution Formula**

Provided the Settlement becomes final (i.e., Final Approval and not cancelled by either party in accordance with the terms of this Agreement), Settlement Class Members and Non-FLSA (NY) Settlement Class Members who submit a complete and timely Claim Form pursuant to Section 9 (*i.e.* Participating Settlement Class Members) will receive an Individual Settlement Payment in an amount determined by the Claims Administrator in accordance with Section 10.2 of this Agreement.

### 10.2 **Claims By Participating Settlement Class Members**

Each Participating Settlement Class Member's Individual Settlement Payment will be determined by multiplying his or her Payout Ratio by the Class Settlement Amount. The Individual Settlement Payment will be reduced by any legally mandated deductions (*e.g.*, payroll taxes, etc.), for each Participating Settlement Class Member. Settlement Class Members and Non-FLSA (NY) Settlement Class Members who are not Participating Settlement Class Members shall not receive an Individual Settlement Payment or any other compensation arising from the Settlement, and the Individual Settlement Payment that would have been allocated to that person shall be the exclusive property of Liberty Mutual. Settlement Class Members and Non-FLSA (NY) Settlement Class Members are not eligible to receive any compensation other than an Individual Settlement Payment and they may only receive an Individual Settlement Payment if they timely and validly submit a Claim Form and, in so doing, become Participating Settlement Class Members. Notwithstanding the foregoing, no Rule 23/NY Settlement Class Member shall be eligible to receive an Individual Settlement Payment if he or she timely and validly excludes himself or herself from the Settlement in accordance with the terms of Section 8.3 of this Agreement.

If less than 50% of the total aggregate number of individuals who are eligible to become Participating Settlement Class Members do in fact become Participating Settlement Class Members, the Plaintiffs shall have the absolute right, in their collective sole discretion, and notwithstanding any other provisions of this Agreement, to withdraw from, and cancel, this Agreement in its entirety, whereupon this Agreement will be null and void for all purposes, and may not be used or introduced in the Litigation or any other litigation. This right may be exercised only by a writing signed by Class Counsel stating that Plaintiffs are canceling and withdrawing from this Agreement. Such writing shall be sent by Class Counsel to Liberty Mutual's counsel of

-15-

record no later than 5 days after the Administrator issues the Claims Administrator Report. Moreover, this right may only be exercised if a majority of the Named Plaintiffs agree to do so. If the right provided in this subparagraph is not so exercised, it shall be forever waived and cannot later be revived or exercised.

### 10.3 **Time for Distribution**

Liberty Mutual, through the Claims Administrator, will distribute to the Participating Settlement Class Members the Settlement Payments, excluding taxes as described in Section 14, within 30 days after the Final Approval Date.

### 10.4 **Out of Pocket Costs and Settlement Administration Costs**

The Costs Amount shall not, under any circumstances, exceed $200,000. The difference, if any, between the Class Settlement Amount and the sum of all Individual Settlement Payments shall be referred to herein as "Unclaimed Funds." If the Unclaimed Funds are more than the actual Costs Amount, Liberty Mutual shall pay the Attorneys' Costs to Class Counsel and the Settlement Administration Cost to the Claims Administrator. If the Unclaimed Funds are not more than the Costs Amount, Liberty Mutual shall pay the Settlement Administration Cost and pay to Class Counsel any remaining portion of the Unclaimed Funds as partial reimbursement for Attorneys' Costs, in which case Class Counsel shall not be entitled to be paid any additional amount for Attorneys' Costs. If the Unclaimed Funds are not more than the Settlement Administration Cost, Class Counsel shall be responsible for paying to the Claims Administrator the remaining portion of the Settlement Administration Cost and shall not be entitled to be paid any amount for Attorneys' Costs. Class Counsel may only obtain reimbursement for Attorneys' Costs pursuant to this Section 10.4, and Liberty Mutual shall not be obligated to pay Class Counsel any Attorneys' Costs not provided for by this Section 10.4.

Liberty Mutual, through the Claims Administrator, will distribute the Costs Amount, if any, within 30 days after the Final Approval Date.

### 10.5 **Unclaimed Funds**

Plaintiffs and Liberty Mutual agree that any portion of the Settlement Amount, including accrued interest, not used to make any and all payments and distributions required by this Agreement, shall be retained by or returned to Liberty Mutual.

## 11. **NAMED PLAINTIFFS**

### 11.1 **Named Plaintiff Service Payments**

Upon approval of the Court, the Named Plaintiffs shall receive service payments in the following amounts (the "Named Plaintiff Service Payments"), in

consideration for their execution of a full and complete waiver and release of all known and unknown claims against Liberty Mutual, and to compensate them for serving as Named Plaintiffs:

- Jason Schmitz - $25,000
- Charlotte Copeland-Nava - $15,000
- Albert Joshua Barouh - $15,000
- Thomas Young - $15,000
- Travis Winter - $10,000
- Corey Allen Jones– $5,000
- Allison Crane Hargraves - $5,000
- Jackie Bailey - $5,000

Such Named Plaintiff Service Payments shall be paid from the Settlement Amount. The Parties expressly agree that any Named Plaintiff Service Payment approved by the Court shall not be considered to be, or be paid as, wages. Accordingly, no payroll tax deductions or income tax withholdings will be made from the Named Plaintiff Service Payments, and Liberty Mutual or the Claims Administrator may issue 1099 forms to the Named Plaintiffs for the full amount of their respective Named Plaintiff Service Payments. Such Named Plaintiff Service Payments shall be issued in the individual names of the Named Plaintiffs and forwarded by overnight delivery to Class Counsel, to the attention of Michael A. Starzyk.

### 11.2 Time for Distribution

Unless otherwise mutually agreed, Liberty Mutual, through the Claims Administrator, will make the payments under this Section 11 within 30 days after the Final Approval Date.

### 11.3 General Release by Named Plaintiffs

Each Named Plaintiff also releases the Released Parties from all complaints, claims, damages, attorneys' fees or causes of action of any kind which he or she may have had in the past or has currently, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (i) any rights or claims arising out of each Named Plaintiff's employment with the Company or, if applicable, his or her separation from that employment; (ii) any rights or claims that the Named Plaintiff may have pursuant to any compensation, incentive and/or bonus plans in which he or she may claim to have participated; (iii) in the event the

-17-

Named Plaintiff has terminated employment, any rights or claims that each Named Plaintiff may have pursuant to the Liberty Mutual Severance Pay Plan or any other severance plan or agreement in which he or she may claim to have participated (collectively, the "Severance Programs"); and (iv) any rights or claims that the Named Plaintiff may have pursuant to:

- The National Labor Relations Act;

- The Labor Management Relations Act of 1947;

- The Employee Retirement Income Security Act of 1974, but only with respect to the Severance Programs, the Liberty Mutual Short-Term Disability Plan, the Liberty Mutual Long-Term Disability Plan, and Section 510 of ERISA, 29 U.S.C. § 1140;

- The Consolidated Omnibus Budget Reconciliation Act of 1985;

- The Civil Rights Act of 1866;

- The Civil Rights Act of 1964;

- The Civil Rights Act of 1991;

- The Age Discrimination in Employment Act of 1967;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Americans with Disabilities Act of 1990;

- The ADA Amendments Act of 2008;

- The Family and Medical Leave Act of 1993;

- The Fair Credit Reporting Act;

- The Occupational Safety and Health Act;

- The Equal Pay Act of 1963;

- The Rehabilitation Act of 1973;

- The Immigration Reform and Control Act of 1986;

- The Worker Adjustment and Retraining Notification Act; and

- The Uniformed Service Employment and Reemployment Rights

   Act;

each as amended; any other federal, state or local civil or human rights law; any other local, state or federal law, rule, regulation or ordinance; any Company policy, practice or procedure; and/or any contract, tort or common law, including without limitation any claims for wrongful discharge, defamation, negligent or intentional infliction of emotional distress, misrepresentation, fraud and/or breach of implied or express contract. Nothing in this Agreement, however, shall be construed to have any effect upon the Named Plaintiff's receipt of benefits for which he or she is or may become eligible pursuant to the Liberty Mutual Employees' Thrift-Incentive Plan or the Liberty Mutual Retirement Benefit Plan.

The release set forth in this Paragraph 11.3 shall be referred to hereinafter as the "General Release." The General Release includes any unknown claims that each Named Plaintiff does not know or suspect to exist in his/her favor at the time of the General Release, which, if known by him/her, might have affected his/her settlement with, and release of, the Released Parties.

Named Plaintiffs waive any rights conferred upon them by Section 1542 of the California Civil Code, and consent that this Agreement shall be given full force and effect according to all of its terms, including those terms relating to unknown and unsuspected claims, if any, as well as those terms relating to any other claims. Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Accordingly, if the facts relating in any manner to this Settlement Agreement are found hereafter to be other than or different from the facts now believed to be true, the General Release contained herein shall remain effective. Named Plaintiffs and Liberty Mutual acknowledge that the foregoing General Release was separately bargained for and is a material element of the Settlement Agreement.

## 12. SETTLEMENT PAYMENT, ATTORNEYS' FEES, AND CLAIMS ADMINISTRATOR PAYMENT

### 12.1 Settlement Payment Amount

Liberty Mutual will be obligated to pay a total sum that shall not under any circumstances exceed Thirty-Three Million Seven Hundred Fifty Thousand Dollars, inclusive of all costs of the Settlement including, without limitation, administration of the Settlement Agreement, expenses, Individual Settlement Payments, Named Plaintiff Service Payments, and attorneys' fees and costs, with the sole exception of the taxes to be paid by Liberty Mutual as described in Section 14 below.

### 12.2 Attorneys' Fees and Reimbursement of Expenses

Class Counsel shall request, Named Plaintiffs deem reasonable, and Defendant shall not oppose, a payment to Class Counsel for all past and future attorneys' fees incurred in relation to this Litigation, in an amount equal to 25% of each of the Individual Settlement Payments actually claimed by and paid to (whether or not deposited or cashed) Participating Settlement Class Members ("Fees Request"). The "future" aspect of this amount includes, without limitation, all time expended by Class Counsel defending the Settlement Agreement through the Effective Date of Settlement and assisting Settlement Class Members and Non-FLSA (NY) Settlement Class Members in preparing and submitting Claim Forms, and there will be no additional charge of any kind to either the Settlement Class Members or Liberty Mutual for such work. The attorneys' fees actually awarded by the Court to Class Counsel shall be paid from the Settlement Amount.

Liberty Mutual will not be obligated to pay any attorneys' fees amount to Class Counsel unless and until the District Court awards attorneys' fees to Class Counsel as set forth above and Final Approval is reached. Upon fulfillment of each of the conditions set forth herein, Liberty Mutual will transmit to Class Counsel or the Claims Administrator the amount of attorneys' fees actually awarded by the Court within 30 days after the Final Approval Date. Under no circumstances will Liberty Mutual be obligated to pay Class Counsel any amount in excess of the Fees Request or the amount of attorneys' fees actually awarded by the Court, whichever is less, and the Attorneys' Costs payment discussed in Section 10.4.

### 12.3 Claims Administrator

Subject to Court approval, all amounts paid for claims administration shall be paid pursuant to Section 10.4. The Claims Administrator shall distribute the Notice Packets, and the Reminder Letters discussed in Section 8, determine eligibility for payment of the Participating Settlement Class Members, resolve any disputes brought by Settlement Class Members or Non-FLSA (NY) Settlement Class Members regarding the calculation or application of the formula for determining the Individual Settlement

Payments, keep track of claims and those individuals requesting to be excluded from the Settlement and provide information regarding the requests for exclusion to the Parties' counsel, draft and mail the Individual Settlement Payment checks to the Participating Settlement Class Members, issue W-2 and 1099 forms if applicable, and perform such other tasks as the Parties mutually agree or the Court orders the Parties to perform.

The Claims Administrator shall regularly report to the Parties, in written form when requested, the substance of the work performed, the basis for any denial of a claim, and the total amount of Individual Settlement Payments paid.

No later than twenty-one (21) days before the date of the Final Approval Hearing, the Claims Administrator will submit to the Parties for submission to the Court, a declaration providing among other things, the number of Notice Packets it mails to the Settlement Class Members and Non-FLSA (NY) Settlement Class Members, the number re-mailed, the number of Notice Packets ultimately undeliverable, the number of individuals who timely and validly submitted requests for exclusion, the number of timely and valid Claim Forms received, the number of defective Claim Forms received and efforts made to cure, the number of untimely Claim Forms received, the number of disputed claims received and how they were resolved, the total amount of all Individual Settlement Payments to be made to Participating Settlement Class Members, the total of its charges for services rendered, and the anticipated future charges, provided that the District Court does fully and finally approve of the Settlement ("Claims Administrator Report").

The Claims Administrator shall also deliver to Class Counsel for submission to the Court, all timely and valid Claim Forms received. The Claims Administrator shall also deliver copies of such forms to counsel for Defendant. In light of Section 8.1, which requires the Class List and Data to remain confidential except as provided for in that Section, the Parties agree that the Claim Forms, which will contain names, addresses, telephone numbers, last four digits of the social security numbers and the estimated Individual Settlement Payments, will be submitted to the Court in redacted form to maintain certain private and confidential identifying information. The name of the claimant on each Claim Form will remain on the Claim Forms submitted to the Court, however, the claimant's address, telephone number, social security number and the estimated Individual Settlement Payment will be redacted prior to and for submission to the Court.

In the event the Settlement Agreement is not ultimately effectuated because Defendant exercises its right to terminate the Settlement pursuant to Section 8.5 of this Agreement, Defendant will pay directly to the Claims Administrator the costs of administration of the proposed Settlement actually incurred by the Claims Administrator. In the event the Settlement Agreement is not ultimately effectuated because Plaintiffs elect for the Settlement not to proceed pursuant to Section 10.2 of this Agreement, Plaintiffs will pay directly to the Claims Administrator the costs of administration of the proposed Settlement actually incurred by the Claims Administrator. In the event the

Settlement Agreement is not ultimately effectuated because the Court does not finally approve the Settlement, the Parties shall equally share the costs of administration of the proposed Settlement actually incurred by the Claims Administrator.

Any disputes between the Parties relating to the Settlement not resolved by the Claims Administrator will be resolved by arbitration. The arbitrator shall determine which Party shall pay the fees and costs associated with the arbitration proceeding. Prior to any such arbitration, counsel for the Parties will confer in good faith to resolve the dispute without the necessity of arbitration. The arbitrator will be selected pursuant to the rules and procedures set forth by the American Arbitration Association.

Any amount of money remaining in any settlement fund or administrative fund related to the Settlement shall be returned by the Claims Administrator to Liberty Mutual. Notwithstanding the foregoing, if any Participating Settlement Class Member fails to deposit or cash his or her Individual Settlement Payment within 90 days of mailing, the Claims Administrator will try to contact the Participating Settlement Class Member and encourage the person to deposit or cash the Individual Settlement Payment. If any Participating Settlement Class Member fails to deposit or cash his or her Individual Settlement Payment within 120 days of mailing, either Liberty Mutual or the Claims Administrator shall deposit such funds with the applicable state unclaimed property account. If such funds are properly deposited with the applicable state unclaimed property account, neither the Parties nor the Claims Administrator shall have any obligation or liability to the Participating Settlement Class Member and he or she shall only be able to obtain the Individual Settlement Payment from the applicable state's unclaimed property account.

### 12.4   **Notification Pursuant to 28 U.S.C. § 1715**

Not later than ten (10) days after this Settlement Agreement is first filed with the Court, Defendant shall comply with the notification requirement set forth in 28 U.S.C. § 1715.

### 13.   **INTEREST**

No interest shall be due under any circumstances.

### 14.   **TAXATION**

14.1   The Parties agree that appropriate federal, state, and local income taxes, and each Participating Settlement Class Member's share of FICA (including Medicare) taxes, will be deducted from the Individual Settlement Payments. Liberty Mutual will be responsible only for paying from its own funds (and not from the Settlement Amount) the employer's share of FICA and FUTA taxes on all applicable amounts paid to the Participating Settlement Class Members. Form W2s and Form 1099s will be distributed at the times and in the manner required by the Internal Revenue Code of 1986 ("the Code") and consistent with this Agreement.

-22-

14.2    If the Code, the regulations promulgated thereunder, or other applicable tax law changes after the date of this Agreement, the processes set forth in this section may be modified in a manner that will bring Liberty Mutual into compliance with any such changes.

14.3    Named Plaintiffs and Participating Settlement Class Members represent that they understand that it is their sole obligation to pay appropriate federal, state, and local income taxes on all applicable portions of monetary relief provided under this Agreement that lawfully qualify as taxable income.

14.4    Neither the Parties nor their respective counsel provide or purport to provide any tax advice to the Settlement Class Members or Non-FLSA (NY) Settlement Class Members in connection with this Settlement Agreement or otherwise. The Parties agree that they shall not rely upon any terms of this Agreement for the purpose of determining or avoiding United States federal or state or local tax obligations or penalties.

### 14.5    **Circular 230 Disclaimer**

EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY"; AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, (AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

15.   **COURT APPROVAL**

     15.1   This Agreement is contingent upon the non-withdrawal of Liberty Mutual in accordance with Section 8.5 above, as well as the non-withdrawal of the Plaintiffs in accordance with Section 10.2, and Final Approval and dismissal with prejudice of the Litigation.

     15.2   The Parties agree to take all steps reasonably necessary to secure Final Approval of the Agreement.

16.   **MISCELLANEOUS PROVISIONS**

     16.1   **Liberty Mutual Communication**

     Liberty Mutual agrees that it will issue a communication to all currently employed Settlement Class Members encouraging them to submit a Claim Form and, in so doing, become Participating Settlement Class Members. The first e-mail, which has already been sent, was in the same form and language as Exhibit 1. The second e-mail will be sent not later than the first Monday following the Court granting Preliminary Approval of this Stipulation of Settlement, and will be in the same form and language as Exhibit 2. Liberty Mutual further agrees that it will issue a third e-mail to all currently employed Settlement Class Members who either gave a deposition, signed a Declaration, or were interviewed by its counsel. This third e-mail shall be sent not later than the first Monday following the Court granting Preliminary Approval of this Stipulation of Settlement and will be in the same form and language as Exhibit 3. Liberty Mutual retains the discretion to approve the language of the communication and take additional steps to encourage Settlement Class Members and Non-FLSA (NY) Settlement Class Members to submit Claim Forms.

     16.2   **Stay of Litigation**

     The Parties agree to the stay of all proceedings in the Litigation, except such proceedings as may be necessary to complete and implement the Settlement Agreement.

     16.3   **Interpretation of the Agreement**

     Any claim arising out of or relating to the Agreement, or the subject matter hereof, will be resolved solely and exclusively in the United States District Court for the Southern District of Texas, Houston Division, and the Parties hereby consent to the personal jurisdiction of the District Court over them solely in connection therewith.

     16.4   **Final Agreement**

     The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to

the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the Settlement Class Members and Non-FLSA (NY) Settlement Class Members they seek to represent, and Liberty Mutual, accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. The Agreement may be modified only by a writing signed by the original signatories and approved by the District Court.

### 16.5 **Counterparts**

The Agreement may be executed in one or more actual or copied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

### 16.6 **Authority**

Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the Party for whom or which that individual signs.

### 16.7 **No Third-Party Beneficiaries**

Settlement Class Members who do not become Participating Settlement Class Members as well as Rule 23/NY Settlement Class Members who exclude themselves from the Settlement pursuant to the procedures set forth in Section 8.3 above are not third-party beneficiaries of this Agreement, and they will have no right to bring any action for any alleged breach of this Agreement.

### 16.8 **No Unauthorized Public Comment**

The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the media, respond to any media inquiry, have any communication with the media or communicate in any way with a settlement or verdict compilation service about the Litigation. The Parties and their counsel also agree that no reference to the Litigation or the settlement shall be made on counsels' website(s), except that Plaintiffs may modify their website established for purposes of this litigation (namely, www.libertymutualovertime.com) to include the following statement: "For information regarding the *Schmitz* case, please access the following website www.(Claims Administrator Website).com." The Claims Administrator shall establish a website that will contain information about the litigation and settlement that can only be accessed by a Settlement Class Member or Non-FLSA (NY) Settlement Class Member who first enters a personalized login ID and password.

The Parties and their counsel further agree that counsel shall not in any way communicate about this Settlement Agreement to any person (not including the Settlement Class Members and Non-FLSA (NY) Settlement Class Members) for any reason: provided, however, that counsel may make such communications as are necessary to effectuate the administration of the settlement (*e.g.*, communications with the Court or

the Claims Administrator) but only to the limited extent actually necessary to do so.
Nothing herein is intended to be, nor shall be construed to be, a limit on the
communications between attorney and client. Notwithstanding the foregoing, neither
Named Plaintiffs or Class Counsel shall make or cause to be made a mass communication
to the Settlement Class Members using the Liberty Mutual intranet or e-mail servers,
unless they first obtain Liberty Mutual's express written approval to do so. Named
Plaintiffs will refrain from discussing the terms or the fact of this Settlement Agreement
with third parties other than (1) their immediate family members, (2) their accountants or
lawyers as necessary for tax purposes, or, (3) Settlement Class Members or Non-FLSA
(NY) Settlement Class Members for purposes directly and specifically related to the
administration of the Settlement Agreement.

16.9 **Named Plaintiffs' Waiver of Right to Exclude Themselves or Object**

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so. Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

| | |
|---|---|
| **JASON SCHMITZ** | **JACKIE BAILEY** |
| **ALLISON CRANE HARGRAVES** | **COREY ALLEN JONES** |
| **THOMAS YOUNG** | **CHARLOTTE COPELAND-NAVA** |
| **ALBERT JOSHUA BAROUH** | **TRAVIS WINTER** |

*DEFENDANT:*

**LIBERTY MUTUAL INSURANCE COMPANY**

BY:_____

TITLE:_____

16.9   **Named Plaintiffs' Waiver of Right to Exclude Themselves or Object**

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____
**JASON SCHMITZ**                                          **JACKIE BAILEY**

_____          _____
**ALLISON CRANE HARGRAVES**                        **COREY ALLEN JONES**

_____          _____
**THOMAS YOUNG**                                         **CHARLOTTE COPELAND-NAVA**

_____          _____
**ALBERT JOSHUA BAROUH**                           **TRAVIS WINTER**

*DEFENDANT:*

_____
**LIBERTY MUTUAL INSURANCE COMPANY**

**BY:**_____

**TITLE:**_____

16.9   Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____
JASON SCHMITZ                                              JACKIE BAILEY


_____          _____
ALLISON CRANE HARGRAVES                        COREY ALLEN JONES


_____          _____
THOMAS YOUNG                                             CHARLOTTE COPELAND-NAVA


_____          _____
ALBERT JOSHUA BAROUH                           TRAVIS WINTER


*DEFENDANT:*


_____
LIBERTY MUTUAL INSURANCE COMPANY

BY:_____

TITLE:_____

### 16.9    Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.


*NAMED PLAINTIFFS:*


_____          _____
**JASON SCHMITZ**                                   **JACKIE BAILEY**


_____          _____
**ALLISON CRANE HARGRAVES**          **COREY ALLEN JONES**


_____          _____
**THOMAS YOUNG**                             **CHARLOTTE COPELAND-NAVA**

_____          _____
**ALBERT JOSHUA BAROUH**               **TRAVIS WINTER**


*DEFENDANT:*


_____
**LIBERTY MUTUAL INSURANCE COMPANY**

**BY:**_____

**TITLE:**_____

### 16.9    Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____     _____
**JASON SCHMITZ**                        **JACKIE BAILEY**

_____     _____
**ALLISON CRANE HARGRAVES**              **COREY ALLEN JONES**

_____     _____
**THOMAS YOUNG**                         **CHARLOTTE COPELAND-NAVA**

_____     _____
**ALBERT JOSHUA BAROUH**                 **TRAVIS WINTER**

*DEFENDANT:*

_____
**LIBERTY MUTUAL INSURANCE COMPANY**

**BY:**_____

**TITLE:**_____

16.9   Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____
JASON SCHMITZ                                           JACKIE BAILEY


_____          _____
ALLISON CRANE HARGRAVES                    COREY ALLEN JONES


_____          _____
THOMAS YOUNG                                         CHARLOTTE COPELAND-NAVA


_____          _____
ALBERT JOSHUA BAROUH                        TRAVIS WINTER

*DEFENDANT:*


_____
LIBERTY MUTUAL INSURANCE COMPANY

BY:_____

TITLE:_____

### 16.9    Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so.  Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____

**JASON SCHMITZ**                                          **JACKIE BAILEY**

_____          _____

**ALLISON CRANE HARGRAVES**                    **COREY ALLEN JONES**

_____          _____

**THOMAS YOUNG**                                     **CHARLOTTE COPELAND-NAVA**

_____          _____

**ALBERT JOSHUA BAROUH**                       **TRAVIS WINTER**

*DEFENDANT:*

_____

**LIBERTY MUTUAL INSURANCE COMPANY**

**BY:**_____

**TITLE:**_____

16.9    Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so. Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____
JASON SCHMITZ                          JACKIE BAILEY


_____          _____
ALLISON CRANE HARGRAVES                COREY ALLEN JONES


_____          _____
THOMAS YOUNG                           CHARLOTTE COPELAND-NAVA


_____          _____
ALBERT JOSHUA DAROUB                   TRAVIS WENTER

*DEFENDANT:*


_____
LIBERTY MUTUAL INSURANCE COMPANY

BY:_____

TITLE:_____

### 16.9   Named Plaintiffs' Waiver of Right to Exclude Themselves or Object

Named Plaintiffs agree that they have waived all rights to object to the Settlement or exclude themselves from the Settlement pursuant to Sections 8.2 and 8.3, and they will not do so. Further, Named Plaintiffs agree that the Settlement is fair, adequate, and reasonable, and also agree that they will not disparage the Settlement, the Company, or the Company's products or services, and/or expressly or impliedly solicit or encourage any Settlement Class Member or Non-FLSA (NY) Settlement Class Member to object to the Settlement or exclude themselves from the Settlement.

*NAMED PLAINTIFFS:*

_____          _____
**JASON SCHMITZ**                          **JACKIE BAILEY**


_____          _____
**ALLISON CRANE HARGRAVES**                **COREY ALLEN JONES**


_____          _____
**THOMAS YOUNG**                           **CHARLOTTE COPELAND-NAVA**


_____          _____
**ALBERT JOSHUA BAROUH**                   **TRAVIS WINTER**

*DEFENDANT:*

_____
**LIBERTY MUTUAL INSURANCE COMPANY**

BY: _HELEN E.R. SAYLES_

TITLE: _SVP - HR & Administration_

-27-

*ATTORNEYS FOR NAMED PLAINTIFFS:*

_____     _____

**Michael A. Starzyk**                **J.P. Hughes, Jr.**
Attorney-in-Charge                    Texas Bar No. 24048965
Texas Bar No. 00788461
Southern District of Texas Bar No.16926


**STARZYK & ASSOCIATES, P.C.**        **J.P. HUGHES & CO. ATTORNEYS**
10200 Grogan's Mill Road, Suite 300   1300 Access Road, Suite 100
The Woodlands, Texas 77380            Oxford, Mississippi 38655
T: [281] 364-7261                     T: [662] 234-6080
F: [281] 364-7533                     F: [662] 234-6042


*ATTORNEYS FOR DEFENDANT:*


_____

**Douglas R. Hart**
Attorney-In-Charge
California Bar No. 115673
**Geoffrey D. DeBoskey**
California Bar No. 211557
**SHEPPARD, MULLIN, RICHTER AND
HAMPTON, LLP**
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
T: [213] 620-1780
F: [213] 620-1398


**Teresa S. Valderrama**
Texas Bar No. 20422500

**JACKSON LEWIS LLP**
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
T: [713] 568-7868
F: [713] 650-0405

*ATTORNEYS FOR NAMED PLAINTIFFS:*

Michael A. Starzyk
Attorney-in-Charge
Texas Bar No. 00788461
Southern District of Texas Bar No.16926

J.P. Hughes, Jr.
Texas Bar No. 24048965

**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380
T: [281] 364-7261
F: [281] 364-7533

**J.P. HUGHES & CO. ATTORNEYS**
1300 Access Road, Suite 100
Oxford, Mississippi 38655
T: [662] 234-6080
F: [662] 234-6042

*ATTORNEYS FOR DEFENDANT:*

Douglas R. Hart
Attorney-In-Charge
California Bar No. 115673
Geoffrey D. DeBoskey
California Bar No. 211557
SHEPPARD, MULLIN, RICHTER AND
HAMPTON, LLP
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
T: [213] 620-1780
F: [213] 620-1398

Teresa S. Valderrama
Texas Bar No. 20422500

JACKSON LEWIS LLP
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
T: [713] 568-7868
F: [713] 650-0405

*ATTORNEYS FOR NAMED PLAINTIFFS:*

**Michael A. Starzyk**
Attorney-in-Charge
Texas Bar No. 00788461
Southern District of Texas Bar No.16926

**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road, Suite 300
The Woodlands, Texas 77380
T: [281] 364-7261
F: [281] 364-7533

**J.P. Hughes, Jr.**
Texas Bar No. 24048965

**J.P. HUGHES & CO. ATTORNEYS**
1300 Access Road, Suite 100
Oxford, Mississippi 38655
T: [662] 234-6080
F: [662] 234-6042

*ATTORNEYS FOR DEFENDANT:*

**Douglas R. Hart**
Attorney-In-Charge
California Bar No. 115673
**Geoffrey D. DeBoskey**
California Bar No. 211557
**SHEPPARD, MULLIN, RICHTER AND
HAMPTON, LLP**
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
T: [213] 620-1780
F: [213] 620-1398

**Teresa S. Valderrama**
Texas Bar No. 20422500

**JACKSON LEWIS LLP**
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
T: [713] 568-7868
F: [713] 650-0405